UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY ELIAS KANE,<br>CDCR No. AX-3761<br><br>                                        Plaintiff,<br><br>v.<br><br>R.J. DONOVAN STATE PRISON,<br><br>                                        Defendant. | Case No.:  3:16-00010-BEN-JLB<br><br>**ORDER:  (1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND (2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM** |

Jeffrey Elias Kane ("Plaintiff"), currently incarcerated at North County Regional Facility in Vista, California[1], and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1).

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he has file a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

---

[1]  While this is the address provided by the Court when Plaintiff initiated this action, a review of the California Department of Corrections and Rehabilitation's inmate locator website indicates that Plaintiff is currently housed at California Correctional Institution located in Tehachapi, California. (*See* http://inmatelocator.cdcr.ca.gov/Results.aspx, date last visited Feb. 19, 2016.)

1

1    **I.      Plaintiff's Motion to Proceed IFP**

2         All parties instituting any civil action, suit or proceeding in a district court of the

3    United States, except an application for writ of habeas corpus, must pay a filing fee. *See*

4    28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the

5    entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See*

6    *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a

7    prisoner and he is granted leave to proceed IFP, he remains obligated to pay the entire fee

8    in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless

9    of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v.*

10   *Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

11        Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act

12   ("PLRA"), prisoners seeking leave to proceed IFP must submit a "certified copy of the

13   trust fund account statement (or institutional equivalent) for the . . . six-month period

14   immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v.*

15   *King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the

16   Court assesses an initial payment of 20% of (a) the average monthly deposits in the

17   account for the past six months, or (b) the average monthly balance in the account for the

18   past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C.

19   § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then

20   collects subsequent payments, assessed at 20% of the preceding month's income, in any

21   month in which the prisoner's account exceeds $10, and forwards those payments to the

22   Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

23        In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust

24   account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2. *Andrews*,

25   398 F.3d at 1119. The Court has reviewed Plaintiff's trust account activity which shows

26   he has a current balance of $0.00. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no

27   event shall a prisoner be prohibited from bringing a civil action or appealing a civil action

28

2

1   or criminal judgment for the reason that the prisoner has no assets and no means by

2   which to pay [an] initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28

3   U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case

4   based solely on a "failure to pay . . . due to the lack of funds available.").

5         Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 2) and

6   assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350

7   balance of the filing fee owed must be collected and forwarded to the Clerk of the Court

8   pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

9   **II.**     **Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

10       **A.**     **Standard of Review**

11        Notwithstanding Plaintiff's IFP status or the payment of any filing fees, the PLRA

12  also requires the Court to review complaints filed by all persons proceeding IFP and by

13  those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of,

14  sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

15  conditions of parole, probation, pretrial release, or diversionary program," "as soon as

16  practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these

17  statutes, the Court must sua sponte dismiss any complaint, or any portion of a complaint,

18  which is frivolous, malicious, fails to state a claim, or seeks damages from defendants

19  who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203

20  F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621

21  F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

22        All complaints must contain "a short and plain statement of the claim showing that

23  the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are

24  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

25  mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

26  (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether

27  a complaint states a plausible claim for relief [is] . . . a context-specific task that requires

28

1    the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere

2    possibility of misconduct" falls short of meeting this plausibility standard. *Id.; see also*

3    *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

4        "When there are well-pleaded factual allegations, a court should assume their

5    veracity, and then determine whether they plausibly give rise to an entitlement to relief."

6    *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)

7    ("[W]hen determining whether a complaint states a claim, a court must accept as true all

8    allegations of material fact and must construe those facts in the light most favorable to

9    the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that

10   § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

11       However, while the court "ha[s] an obligation where the petitioner is pro se,

12   particularly in civil rights cases, to construe the pleadings liberally and to afford the

13   petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir.

14   2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not

15   "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of*

16   *the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and

17   conclusory allegations of official participation in civil rights violations" are simply not

18   "sufficient to withstand a motion to dismiss." *Id.*

19       **B.    42 U.S.C. § 1983**

20       "Section 1983 creates a private right of action against individuals who, acting

21   under color of state law, violate federal constitutional or statutory rights." *Devereaux v.*

22   *Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of

23   substantive rights, but merely provides a method for vindicating federal rights elsewhere

24   conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks

25   and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1)

26   deprivation of a right secured by the Constitution and laws of the United States, and (2)

27   that the deprivation was committed by a person acting under color of state law." *Tsao v.*

28

4

1  *Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

2  ### B.  Improper Defendant

3  As an initial matter, the Court finds that to the extent Plaintiff names the California

4  Department of Corrections and Rehabilitation ("CDCR") or the Richard J. Donovan

5  Correctional Facility ("RJD") as a Defendant, his claims must be dismissed sua sponte

6  pursuant to both 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failing to state a claim and

7  for seeking damages against a defendant who is immune.  The State of California's

8  Department of Corrections and Rehabilitation and any state prison, like RJD, correctional

9  agency, sub-division, or department under its jurisdiction, are not "persons" subject to

10 suit under § 1983.  *Hale v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993)

11 (holding that a state department of corrections is an arm of the state, and thus, not a

12 "person" within the meaning of § 1983).  And if by naming the CDCR or RJD as a party,

13 Plaintiff really seeks to sue the State of California itself, his claims are clearly barred by

14 the Eleventh Amendment.  *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam)

15 ("There can be no doubt . . . that [a] suit against the State and its Board of Corrections is

16 barred by the Eleventh Amendment, unless [the State] has consented to the filing of such

17 a suit.").

18 Therefore, to the extent Plaintiff seeks monetary damages against the CDCR, RJD

19 or any relief against the State of California itself, his Complaint is dismissed pursuant to

20 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) and 28 U.S.C. § 1915A(b)(1) & (2).

21 ### C.  Individual Liability and Causation

22 Plaintiff's Complaint fails to identify any specific individual whom he claims

23 violated his constitutional rights and contains no "further factual enhancement" which

24 describes how, or to what extent, any individual became aware of, or were actually aware

25 of, his alleged serious medical needs.  "Because vicarious liability is inapplicable to . . . §

26 1983 suits, a plaintiff must plead that each government-official defendant, through the

27 official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676;

28

3:16-00010-BEN-JLB

1  *see also Jones v. Cmty. Redev. Agency of City of L.A.*, 733 F.2d 646, 649 (9th Cir. 1984)

2  (even pro se plaintiff must "allege with at least some degree of particularity overt acts

3  which defendants engaged in" in order to state a claim).

4      "Causation is, of course, a required element of a § 1983 claim."  *Estate of Brooks*

5  *v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999).  "The inquiry into causation must

6  be individualized and focus on the duties and responsibilities of each individual

7  defendant whose acts or omissions are alleged to have caused a constitutional

8  deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*,

9  423 U.S. 362, 370-71 (1976)). Plaintiff includes no detail as to what the unnamed

10  members of the RJD medical staff knew about his health conditions or how they came to

11  administer treatment to Plaintiff.  As such, his allegations are insufficient to state a

12  section 1983 claim.  *Iqbal*, 662 U.S. at 678 (noting that Federal Rule of Civil Procedure 8

13  "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation,"

14  and that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual

15  matter, accepted as true, to 'state a claim for relief that is plausible on its face.'").

16      Accordingly, Plaintiff's Complaint requires dismissal on this basis pursuant to 28

17  U.S.C. § 1915(e)(2) and § 1915A(b).  *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d

18  at 1004.

19      **E.      Inadequate Medical Care Claim**

20      Even if Plaintiff identified specific individuals, he has still failed to state a

21  plausible Eighth Amendment claim against any of those persons.  Only "deliberate

22  indifference to serious medical needs of prisoners constitutes the unnecessary and wanton

23  infliction of pain . . . proscribed by the Eighth Amendment."  *Estelle v. Gamble*, 429 U.S.

24  97, 103-04 (1976) (citation and internal quotation marks omitted).  "A determination of

25  'deliberate indifference' involves an examination of two elements: (1) the seriousness of

26  the prisoner's medical need and (2) the nature of the defendant's response to that need."

27  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by

28

3:16-00010-BEN-JLB

1    *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

2        First, "[b]ecause society does not expect that prisoners will have unqualified access

3 to health care, deliberate indifference to medical needs amounts to an Eighth Amendment

4 violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)

5 (citing *Estelle*, 429 U.S. at 103-04). "A 'serious' medical need exists if the failure to treat

6 a prisoner's condition could result in further significant injury or the 'unnecessary and

7 wanton infliction of pain.'" *McGuckin*, 914 F.2d at 1059, quoting *Estelle*, 429 U.S. at

8 104. "The existence of an injury that a reasonable doctor or patient would find important

9 and worthy of comment or treatment; the presence of a medical condition that

10 significantly affects an individual's daily activities; or the existence of chronic and

11 substantial pain are examples of indications that a prisoner has a 'serious' need for

12 medical treatment." *Id.* (citing *Wood v. Housewright,* 900 F.2d 1332, 1337-41 (9th Cir.

13 1990)); *Hunt v. Dental Dep't*, 865 F.2d 198, 200-01 (9th Cir. 1989).

14        At this stage of the pleadings, the Court will presume Plaintiff's claims regarding

15 his mental health care needs are sufficient to plead an objectively serious medical need.

16 *McGuckin*, 914 F.2d at 1059. However, even assuming Plaintiff's medical needs are

17 sufficiently serious, his Complaint still fails to include any further "factual content" to

18 show that any Defendant acted with "deliberate indifference" to his needs. *Id.*, at 1060;

19 *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Iqbal*, 556 U.S. at 678.

20        While Plaintiff claims that unnamed medical personnel at RJD gave him "illegal

21 doses of psychiatric medication," his Complaint lacks the "further factual enhancement"

22 which demonstrates that any Defendant's "purposeful act or failure to respond to [his]

23 pain or possible medical need," and also fails to set forth any specific allegations that the

24 failure to provide him with the correct dosage of his medication was a result of

25 indifference. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557); *Wilhelm v.*

26 *Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett*, 439 F.3d at 1096). Deliberate

27 indifference requires a Defendant's acts or omissions involve more than an ordinary lack

28

7

1    of due care. *Wilhelm*, 680 F.3d at 1122.

2          Plaintiff's Complaint contains no facts sufficient to show that any individual acted

3    with deliberate indifference to his plight by "knowing of and disregarding an[y] excessive

4    risk to his health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Indeed, the

5    allegations describe "medical malpractice" by failing to provide Plaintiff with the correct

6    medication dosage, but such a claim sounds merely in negligence.  *See Toguchi v. Chung*,

7    391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a

8    medical condition, without more, does not violate a prisoner's Eighth Amendment

9    rights.")  "Deliberate indifference," on the other hand, "is a high legal standard," and

10   claims of medical malpractice or negligence are insufficient to establish a constitutional

11   deprivation.  *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1019 (9th Cir. 2010) (citing

12   *Toguchi*, 391 F.3d at 1060).

13         Accordingly, the Court finds that Plaintiff's Complaint fails to state an Eighth

14   Amendment inadequate medical care claim and is subject to sua sponte dismissal in its

15   entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).  *See Lopez*, 203

16   F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.  Because Plaintiff is proceeding without

17   counsel, the Court has provided him "notice of the deficiencies in his complaint," and

18   will grant him an opportunity to amend his Complaint.  *See Akhtar v. Mesa*, 698 F.3d

19   1202, 1212 (9th Cir. 2012), *citing Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.

20   1992).

21   **III.    Conclusion and Orders**

22         Good cause appearing, the Court:

23         1.     **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a)

24   (Doc. No. 2).

25         2.     **DIRECTS** the Secretary of the CDCR, or his designee, to collect from

26   Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing

27   monthly payments from his account in an amount equal to twenty percent (20%) of the

28

preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.     **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4.     **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

5.     **DIRECTS** the Clerk of Court to mail to Plaintiff, together with this Order, a blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983" for his use in amending.

The Clerk of Court is also directed to mail an additional copy of these documents to Plaintiff at the California Correctional Institution, P.O. Box 1031, Tehachapi, California 93561.

Dated:  February 23, 2016

_____
Hon. Roger T. Benitez
United States District Judge

9

3:16-00010-BEN-JLB