UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JEFFREY ELIAS KANE, CDCR No. AX-3761, Plaintiff, v. R.J. DONOVAN STATE PRISON, et al., Defendants. | Case No.: 3:16-00010-BEN-JLB<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM** |
|---|---|

**I.     Procedural History**

On January 4, 2016, Jeffrey Elias Kane ("Plaintiff"), currently incarcerated at the California Correctional Institution located in Tehachapi, California, and proceeding pro se, filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1).

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).  On February 23, 2016, this Court GRANTED Plaintiff's Motion to Proceed IFP but simultaneously DISMISSED his Complaint for failing to state a claim.  (Doc. No. 3.)  Plaintiff was granted leave to file an

amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*Id.*) On April 1, 2016, Plaintiff filed his First Amended Complaint ("FAC"). (Doc. No. 4.)

**II.    Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

    **A.    Standard of Review**

As the Court stated in the previous Order, notwithstanding Plaintiff's IFP status or the payment of any filing fees, the Prison Litigation Reform Act ("PLRA") requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.; see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (*citing Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations" are simply not "sufficient to withstand a motion to dismiss." *Id.*

**B.    42 U.S.C. § 1983**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Grahm v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

/ / /

### C.     Inadequate Medical Care claim

While Plaintiff has now identified specific individuals whom he seeks to hold liable in this matter, the Court finds that he has failed to state an inadequate medical care claim. Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976) (citation and internal quotation marks omitted). "A determination of 'deliberate indifference' involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

First, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle*, 429 U.S. at 103-04). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 914 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)); *Hunt v. Dental Dep't*, 865 F.2d 198, 200-01 (9th Cir. 1989).

At this stage, the Court will presume Plaintiff's claims regarding his mental health care needs are sufficient to plead an objectively serious medical need. *McGuckin*, 914 F.2d at 1059. However, even assuming Plaintiff's medical needs are sufficiently serious,

his FAC still fails to include any further "factual content" to show that any Defendant acted with "deliberate indifference" to his needs. *Id.* at 1060; *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Iqbal*, 556 U.S. at 678.

Here, Plaintiff alleges that he recently became aware, due to a psychiatrist at his current place of confinement, that while he was housed at the Richard J. Donovan Correctional Facility ("RJD") in 2007 that he was "over medicated." (FAC at 3.) As a result of this "medical malpractice," he alleges he suffers from "serious irreversible brain damage." (*Id.*)

While Plaintiff claims that medical personnel at RJD gave him "extreme overdoses" of medication, his FAC lacks the "further factual enhancement" which demonstrates that any Defendant's "purposeful act or failure to respond to [his] pain or possible medical need," and also fails to set forth any specific allegations that the failure to provide him with the correct dosage of his medication was a result of indifference. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett*, 439 F.3d at 1096). To be deliberately indifferent, a Defendant's acts or omissions must involve more than an ordinary lack of due care. *Wilhelm*, 680 F.3d at 1122.

Plaintiff's FAC contains no facts sufficient to show that any individual acted with deliberate indifference to his plight by "knowing of and disregarding an[y] excessive risk to his health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Indeed, the allegations describe "medical malpractice" by failing to provide Plaintiff with the correct medication dosage, but such a claim sounds merely in negligence. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.") "Deliberate indifference," on the other hand, "is a high legal standard," and claims of medical malpractice or negligence are insufficient to establish a constitutional

deprivation. *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1019 (9th Cir. 2010) (citing *Toguchi*, 391 F.3d at 1060).

Accordingly, the Court finds that Plaintiff's FAC fails to state an Eighth Amendment inadequate medical care claim and is subject to sua sponte dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### D. Statute of Limitations

Finally, the Court notes that even if Plaintiff had pleaded facts sufficient to state a plausible inadequate medical care claim, it is clear from the face of his pleading, including the exhibits attached, that any claim related to or based upon the medical treatment he received at RJD is untimely.

"A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). However, "'[a] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Id.* (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)). Therefore, in a case like this one, where the running of the statute of limitations is apparent on the face of the complaint, the Court may dismiss it for failure to state a claim, but only after Plaintiff has been provided an opportunity to allege facts which, if proved, might support tolling. *See Cervantes v. City of San Diego,* 5 F.3d 1273, 1276-77 (9th Cir. 1993); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 788 (9th Cir. 2000) (court may raise the defense of statute of limitations sua sponte), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012); *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir.

2003) (upholding sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B) of prisoner's time-barred complaint).

Section 1983 contains no specific statute of limitation; therefore, federal courts apply the forum state's statute of limitations for personal injury actions. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations was one year. *Jones*, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two years. *Id.* (citing Cal. Civ. Proc. Code § 335.1).

The law of the forum state also governs tolling. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989)); *Jones*, 393 F.3d at 927 (noting that in actions where the federal court borrows the state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law). Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for two years. Cal. Civ. Proc. Code § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds by Johnson v. California*, 543 U.S. 499 (2005).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543-44 (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391. Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

7

3:16-00010-BEN-JLB

Plaintiff's original Complaint was filed on January 4, 2016, but his claims are alleged to arise as early as June of 2007. Thus, Plaintiff alleges the wrongful acts that caused him harm occurred more than eight years before he initiated this suit. This date of accrual exceeds California's statute of limitations, even including all presumed periods of tolling provided by statute. *Wallace*, 549 U.S. at 391.

Therefore, the Court finds Plaintiff's FAC is also subject to sua sponte dismissal because it is clear from the face of his pleading that his claims are barred by the statute of limitations. *See Von Saher*, 592 F.3d at 969.

### E.  Leave to Amend

Because Plaintiff is proceeding without counsel, and it is not "absolutely clear that no amendment can cure" the defects of pleading set forth above, the Court will grant him an additional opportunity to amend. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *Lopez*, 203 F.3d at 1131; *Cervantes*, 5 F.3d at 1276-77.

## III.  Conclusion and Orders

Good cause appearing, the Court:

1.  **DISMISSES** Plaintiff's FAC for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file a Second Amended Complaint ("SAC") which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the SAC will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

2. **DIRECTS** the Clerk of Court to mail to Plaintiff, together with this Order, a blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983" for his use in amending.

Dated: May 11, 2016

Hon. Roger T. Benitez
United States District Judge